IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHM INDUSTRIES, INC., | ) Case No. |
| Plaintiff, | ) |
| v. | ) |
| CURRENT LIGHTING SOLUTIONS, LLC, | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, CHM Industries ("CHM" or "Plaintiff"), hereby files this Original Complaint for Patent Infringement against Defendant, Current Lighting Solutions, LLC, and alleges as follows:

**Jurisdiction**

1. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Parties**

2. Plaintiff, CHM Industries, Inc., is a corporation organized and existing under Texas law with its principal place of business located at 700 E. McLeroy Blvd, Suite A, Saginaw, TX 76179.

3. Defendant, Current Lighting Solutions, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, which can be served through its registered agent, Corporate Creations Network Inc., 1521 Concord Pike, Suite 201, Wilmington,

1

Delaware 19803, and has a regular and established place of business at 6085 Parkland Boulevard, Mayfield Heights, OH 44124.

4. Current Lighting Solutions, LLC was formerly known as GE Lighting Solutions, LLC. Certain of the allegations in this Complaint occurred when Current Lighting Solutions, LLC was known as GE Lighting Solutions, LLC. The Defendant will be referred to as "Current/GE" herein.

## Venue

5. This Court has personal jurisdiction over Defendant because Defendant is incorporated in Delaware and therefore resides in this District. Further, Defendant has availed itself of the privileges, rights and benefits of the laws of the State of Delaware and this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant is incorporated in Delaware and therefore resides in this District.

## Background

7. CHM has been providing superior lighting solutions since 1996. CHM's products include steel towers, electrical distribution systems, LED luminaires, high mast lowering devices, and wireless controls. CHM's customers enjoy a world-class lighting experience.

8. Among CHM's break-through lighting solutions are its Condor CLED, Condor CLED2, and CLED3, high mast luminaires.

9. Understanding the value of its innovation, CHM sought and obtained patent protection for its high mast luminaire family.

10. Thus, CHM is the owner by assignment of U.S. Patent No. 9,677,754 (the "'754 Patent"), which was duly and legally issued by the United States Patent & Trademark Office on June 13, 2017. A copy of the '754 Patent is attached as Exhibit A.

11. The '754 Patent was filed on November 7, 2014.

12. CHM is also the owner by assignment of U.S. Patent No. 9,903,581 (the "'581 Patent"), which was duly and legally issued by the United States Patent & Trademark Office on February 27, 2018. A copy of the '581 Patent is attached as Exhibit B.

13. The '581 Patent was filed on May 12, 2017, and is a continuation of and claims priority to the '754 Patent.

14. CHM is also the owner by assignment of U.S. Patent No. 10,571,112 (the "'112 Patent"), which was duly and legally issued by the United States Patent & Trademark Office on February 25, 2020. A copy of the '112 Patent is attached as Exhibit C.

15. The '112 Patent was filed on March 4, 2019, and is a continuation of and claims priority to U.S. Patent No. 10,234,128 filed on January 31, 2018, which is a continuation and claims priority to the '581 Patent, which is a continuation of and claims priority to the '754 Patent.

16. CHM is also the owner by assignment of U.S. Patent No. 11,473,767 (the "'767 Patent"), which was duly and legally issued by the United States Patent & Trademark Office on October 18, 2022. A copy of the '767 Patent is attached as Exhibit D.

17. The '767 Patent was filed on May 4, 2021, and is a continuation of and claims priority to U.S. Patent Application Serial No. 16/797,889, filed on February 21, 2020, which is a continuation and claims priority to the '112 Patent, which is a continuation of and claims priority to U.S. Patent No. 10,234,128, which is a continuation of and claims priority to the '581 Patent, which is a continuation of and claims priority to the '754 Patent.

18. Collectively, the '754 patent, the '581 Patent, the '112 Patent, and the '767 Patent are referred to herein as the Asserted Patents.

19. Defendant, Current/GE, is a direct competitor of CHM who also produces high mast lighting systems for use in lighting roadways, parking lots, prisons, and the like. One of Current/GE's products is its Evolve LED Roadway Light High Mast Luminaire (ERHM) and subsequent generations of this product. Current/GE has been offering this product for sale since at least July 2017.

20. In or about October 2014, CHM and Current/GE's predecessor GE Lighting Solutions, LLC entered into a Non-Disclosure Agreement in connection with Current/GE's evaluation of CHM's Condor CLED high mast lighting product for an opportunity with the North Carolina Department of Transportation.

21. In December 2014, CHM provided Current/GE with a sample unit of its Condor CLED product for evaluation under the Non-Disclosure Agreement.

22. Current/GE did not use CHM's CLED product to fulfil the North Carolina Department of Transportation opportunity.

23. On information and belief, Current/GE misappropriated the technology embodied in the sample Condor CLED product and used this technology in its own Evolve LED Roadway Light High Mast Luminaire (ERHM) product.

24. On or about July 21, 2017, CHM informed Current/GE of the '754 Patent and advised that Current/GE's Evolve LED Roadway Light High Mast Luminaire (ERHM) product infringed the '754 Patent.

25. After months of negotiations, CHM and Current/GE entered into a Settlement and License Agreement with an effective date of November 1, 2018, that obligated Current/GE to pay royalties to CHM for each sale of a Licensed Product.

26. On or about August 4, 2019, CHM contacted Current/GE and informed it that

4

CHM had not received any royalty payments for sales of the Current/GE Evolve High Mast with Type V optics (optical distribution codes VS, VM, and VW).

27. On or about September 19, 2019, Current/GE advised that it had not and, in the future would not, pay royalites on Evolve Roadway Lighting High Mast Luminaire (ERHM) with certain optical distributions that it alleges are not covered by the Settlement and License Agreement.

28. CHM informed Current/GE that its failure to pay royalties under the license agreement constituted unauthorized sale of the Evolve Roadway Lighting High Mast Luminaire (ERHM) and therefore infringed CHM's patents.

29. Current/GE has been engaging in one or more of manufacturing, importing, selling, or offering to sell Evolve Roadway Lighting High Mast Luminaire (ERHM) since at July 2017 and continues to offer to sell and sell a version of that product today that is not materially different.

### Count One – Infringement of U.S. Patent No. 9,677,754

30. CHM realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31. Current/GE infringes and continues to infringe the '754 Patent by one or more of manufacturing, importing, offering for sale, or selling in the United States, without authorization from CHM, its Evolve LED Roadway Light ERHM and subsequent generations of this product (the "Accused Product") that embodies one or more of the inventions claimed in the '754 Patent.

32. Current/GE directly infringes and continues to infringe at least Claim 5 of the '754 Patent. A claim chart comparing the Accused Product to Claim 5 of the '754 Patent is attached as Exhibit E.

33. The Accused Product is a light emitting diode (LED) high mast lighting apparatus.

34. The Accused Product includes an LED housing supporting a plurality of LEDs and has a plurality of cooling fins extending from and substantially covering a back face of the LED housing.

35. The Accused Product includes a power housing separate from and coupled to the LED housing, where the power housing is disposed above the LED housing creating a gap therebetween.

36. Accordingly, Current/GE directly infringes and continues to infringe at least Claim 5 of the '754 Patent under 35 U.S.C. § 271(a).

37. By directly infringing, Current/GE has injured CHM and is liable for monetary damages, interest, and costs pursuant to 35 U.S.C. § 284 in an amount adequate to compensate CHM for Current/GE's infringement, including without limitation, any profits lost by CHM as a result.

38. On or about July 21, 2017, counsel for CHM sent Current/GE correspondence providing notice and a copy of the '754 Patent and informing of infringement of the '754 Patent by the Accused Product.

39. At least since Current/GE was provided notice and a copy of the '754 Patent by correspondence, Current/GE has known about the '754 Patent and that Current/GE's continued actions constitute infringement of the '754 Patent. Current/GE is, therefore, also liable for willful infringement of the '754 Patent. CHM seeks treble damages for such willful infringement by Current/GE.

40. Current/GE has been and is inducing infringement of the '754 Patent by actively

and knowingly inducing others, including end installers and end users of the Accused Product, to make, use, sell, offer for sale, or import the Accused Product that embody, use, or perform an invention claimed in the '754 Patent, in violation of 35 U.S.C. § 271(b).

41. Current/GE has been and is contributing to the infringement of the '754 Patent by selling or offering to sell the Accused Product, knowing it to be especially made or especially adapted for practicing an invention of the '754 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

42. Unless restrained by the Court, Current/GE's actions will cause ongoing harm to CHM for which it has no adequate remedy at law and for which it seeks injunctive relief under 35 U.S.C. § 283.

## Count Two – Infringement of U.S. Patent No. 9,903,581

43. CHM realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

44. Current/GE infringes and continues to infringe the '581 Patent by one or more of manufacturing, importing, offering for sale, or selling in the United States, without authorization from CHM, the Accused Product that embodies one or more of the inventions claimed in the '581 Patent.

45. Current/GE directly infringes and continues to infringe at least Claim 15 of the '581 Patent. A claim chart comparing the Accused Product to Claim 15 of the '581 Patent is attached as Exhibit F.

46. The Accused Product is a high mast lighting apparatus.

47. The Accused Product includes a power housing defining an opening configured to receive a high mast extension member therethrough.

48. The Accused Product includes a plurality of drivers contained within the power housing.

49. The Accused Product includes a light emitting diode (LED) housing rotatably coupled to and thermally separated from the power housing.

50. The Accused Product includes a plurality of LED cooling fins extending from the LED housing toward the power housing.

51. The Accused Product includes a plurality of LEDs supported by the LED housing and powered by the plurality of drivers.

52. Accordingly, Current/GE directly infringes and continues to infringe at least Claim 15 of the '581 Patent under 35 U.S.C. § 271(a).

53. By directly infringing, Current/GE has injured CHM and is liable for monetary damages, interest, and costs pursuant to 35 U.S.C. § 284 in an amount adequate to compensate CHM for Current/GE's infringement, including without limitation, any profits lost by CHM as a result.

54. At least since Current/GE executed the Settlement and License Agreement, Current/GE enjoyed a license to the '581 Patent and therefore had knowledge of the '581 Patent, and that Current/GE's continued actions constitute infringement of the '581 Patent. Current/GE is, therefore, also liable for willful infringement of the '581 Patent. CHM seeks treble damages for such willful infringement by Current/GE.

55. Current/GE has been and is inducing infringement of the '581 Patent by actively and knowingly inducing others, including end installers and end users of the Accused Product, to make, use, sell, offer for sale, or import the Accused Product that embody, use, or perform an invention claimed in the '581 Patent, in violation of 35 U.S.C. § 271(b).

56. Current/GE has been and is contributing to the infringement of the '581 Patent by selling or offering to sell the Accused Product, knowing it to be especially made or especially adapted for practicing an invention of the '581 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

57. Unless restrained by the Court, Current/GE's actions will cause ongoing harm to CHM for which it has no adequate remedy at law and for which it seeks injunctive relief under 35 U.S.C. § 283.

## Count Three – Infringement of U.S. Patent No. 10,571,112

58. CHM realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

59. Current/GE infringes and continues to infringe the '112 Patent by one or more of manufacturing, importing, offering for sale, or selling in the United States, without authorization from CHM, the Accused Product that embodies one or more of the inventions claimed in the '112 Patent.

60. Current/GE directly infringes and continues to infringe at least Claim 1 of the '112 Patent. A claim chart comparing the Accused Product to Claim 1 of the '112 Patent is attached as Exhibit G.

61. The Accused Product is a high mast luminaire.

62. The Accused Product includes a power housing defining an internal space.

63. The Accused Product includes a power source disposed within the internal space.

64. The Accused Product includes a light emitting diode (LED) housing supporting a plurality of LEDs powered by the power source.

65. The Accused Product includes a plurality of LED cooling fins extending from a

back face of the LED housing.

66. The Accused Product includes an extension member extending from the power housing to the LED housing.

67. In the Accused Product, the LED housing and the plurality of LED cooling fins are rotatable with respect to the power housing.

68. Accordingly, Current/GE directly infringes and continues to infringe at least Claim 1 of the '112 Patent under 35 U.S.C. § 271(a).

69. By directly infringing, Current/GE has injured CHM and is liable for monetary damages, interest, and costs pursuant to 35 U.S.C. § 284 in an amount adequate to compensate CHM for Current/GE's infringement, including without limitation, any profits lost by CHM as a result.

70. At least since Current/GE executed the Settlement and License Agreement, Current/GE enjoyed a license to the '112 Patent upon its issuance and therefore had knowledge of the '112 Patent, and that Current/GE's continued actions constitute infringement of the '112 Patent. Current/GE is, therefore, also liable for willful infringement of the '112 Patent. CHM seeks treble damages for such willful infringement by Current/GE.

71. Current/GE has been and is inducing infringement of the '112 Patent by actively and knowingly inducing others, including end installers and end users of the Accused Product, to make, use, sell, offer for sale, or import the Accused Product that embody, use, or perform an invention claimed in the '112 Patent, in violation of 35 U.S.C. § 271(b).

72. Current/GE has been and is contributing to the infringement of the '112 Patent by selling or offering to sell the Accused Product, knowing it to be especially made or especially adapted for practicing an invention of the '112 Patent and not a staple article or commodity of

commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

73. Unless restrained by the Court, Current/GE's actions will cause ongoing harm to CHM for which it has no adequate remedy at law and for which it seeks injunctive relief under 35 U.S.C. § 283.

**Count Four – Infringement of U.S. Patent No. 11,473,767**

74. CHM realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

75. Current/GE infringes and continues to infringe the '767 Patent by one or more of manufacturing, importing, offering for sale, or selling in the United States, without authorization from CHM, the Accused Product that embodies one or more of the inventions claimed in the '767 Patent.

76. Current/GE directly infringes and continues to infringe at least Claim 6 of the '767 Patent. A claim chart comparing the Accused Product to Claim 6 of the '767 Patent is attached as Exhibit H.

77. The Accused Product is a light emitting diode (LED) high mast lighting apparatus.

78. The Accused Product includes an LED housing having a panel configured for receiving a plurality of LEDs.

79. The Accused Product includes a power housing separate from and coupled to the LED housing with a gap between the LED housing and the power housing.

80. Accordingly, Current/GE directly infringes and continues to infringe at least Claim 6 of the '767 Patent under 35 U.S.C. § 271(a).

81. By directly infringing, Current/GE has injured CHM and is liable for monetary

damages, interest, and costs pursuant to 35 U.S.C. § 284 in an amount adequate to compensate CHM for Current/GE's infringement, including without limitation, any profits lost by CHM as a result.

82. At least since Current/GE executed the Settlement and License Agreement, Current/GE enjoyed a license to the '767 Patent upon its issuance and therefore had knowledge of the '767 Patent, and that Current/GE's continued actions constitute infringement of the '767 Patent. Current/GE is, therefore, also liable for willful infringement of the '767 Patent. CHM seeks treble damages for such willful infringement by Current/GE.

83. Current/GE has been and is inducing infringement of the '767 Patent by actively and knowingly inducing others, including end installers and end users of the Accused Product, to make, use, sell, offer for sale, or import the Accused Product that embody, use, or perform an invention claimed in the '767 Patent, in violation of 35 U.S.C. § 271(b).

84. Current/GE has been and is contributing to the infringement of the '767 Patent by selling or offering to sell the Accused Product, knowing it to be especially made or especially adapted for practicing an invention of the '767 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

85. Unless restrained by the Court, Current/GE's actions will cause ongoing harm to CHM for which it has no adequate remedy at law and for which it seeks injunctive relief under 35 U.S.C. § 283.

## Jury Demand

86. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CHM demands a trial by jury on all issues so triable.

## Relief Requested

87. CHM respectfully requests that judgment be entered in its favor and against Current/GE as follows:

    A. A judgment that Current/GE has infringed, either literally or under the doctrine of equivalents, and directly, contributorily, or by inducement one or more of the '754 Patent, the '581 Patent, the '112 Patent, and the '767 Patent;

    B. A judgment and order that Current/GE pay CHM its damages, costs, expenses, pre-judgment and post-judgment interest for its infringement of one or more of the '754 Patent, the '581 Patent, the '112 Patent, and the '767 Patent;

    C. A judgment and order finding that Current/GE's infringement of one or more of the '754 Patent, the '581 Patent, the '112 Patent, and the '767 Patent has been willful and awarding CHM treble damages;

    D. A judgment and order finding that this is an exceptional case under 35 U.S.C. § 285 and awarding CHM its reasonable attorneys' fees;

    E. An order enjoining Current/GE, its officers, agents, employees, contractors, affiliates, successors and assigns, and all those controlled by, acting on behalf of, in privity with, or acting in concert or active participation with Current/GE from:

        1. Directly infringing one or more of the '754 Patent, the '581 Patent, the '112 Patent, and the '767 Patent, including but not limited to, by making, using, offering to sell, selling, or importing the Accused Product in or into the United States;

      2.      Contributorily infringing one or more of the '754 Patent, the '581 Patent, the '112 Patent, and the '767 Patent by selling or offering to sell the Accused Product, knowing it to be especially made or especially adapted for practicing an invention of one or more of the '754 Patent, the '581 Patent, the '112 Patent, and the '767 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use;

      3.      Inducing infringement of one or more of the '754 Patent, the '581 Patent, the '112 Patent, and the '767 Patent by actively and knowingly inducing others, including end installers and end users of the Accused Product, to make, use, sell, offer for sale, or import the Accused Product that embody, use, or perform an invention claimed in one or more of the '754 Patent, the '581 Patent, the '112 Patent, and the '767 Patent;

**F.**    An order that Current/GE destroy any Accused Product and any other products that infringe one or more of the '754 Patent, the '581 Patent, the '112 Patent, and the '767 Patent that it has in inventory and cancel all outstanding orders for any such products;

**G.**    An order that Current/GE destroy any Accused Product and any other products that infringe one or more of the '754 Patent, the '581 Patent, the '112 Patent, and the '767 Patent that it has in inventory and cancel all outstanding orders for any such products; and

**H.**    Any and all other relief that the Court deems appropriate.

<table>
<tr><td>Dated: December 19, 2025</td><td>**PHILLIPS, MCLAUGHLIN & HALL, P.A.**<br><br>*/s/ John C. Phillips, Jr.*<br>John C. Philips, Jr. (#110)<br>Megan C. Haney (#5016)<br>1200 North Broom Street<br>Wilmington DE, 19806<br>(302) 655-4200<br>jcp@pmhdelaw.com<br>mch@pmhdelaw.com<br><br>*Of Counsel*:<br><br>**FOLEY & LARDNER LLP**<br><br>PAUL V. STORM *(Pro Hac Vice* to be filed)<br>JOHN J. MAY *(Pro Hac Vice* to be filed)<br>2021 McKinney Avenue, Suite 1600<br>Dallas, Texas 75201-3340<br>Tel:  (214) 999-3000<br>Fax:  (214) 999-4667<br>Email:  pvstorm@foley.com<br>Email:  jmay@foley.com<br><br>*Attorneys for Plaintiff CHM Industries, Inc.*</td></tr>
</table>

4896-5384-5379.1