IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHM INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 25-1545-GBW |
| v. | ) | |
| | ) | **REDACTED -** |
| CURRENT LIGHTING SOLUTIONS, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM
<u>UNDER FED. R. CIV. P. 12(B)(6)</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
OF COUNSEL:                         (302) 658-9200
rsmith@morrisnichols.com
Frank A. Angileri                   cclark@morrisnichols.com
Thomas W. Cunningham
John P. Rondini                     *Attorneys for Defendant*
BROOKS KUSHMAN P.C.
150 W. Second St.
Suite 400N
Royal Oak, MI 48067-3846
(248) 358-4400

Original filing date: February 17, 2026
Redacted filing date: February 27, 2026

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I.      INTRODUCTION ..................................................................................................1

II.     NATURE AND STAGE OF PROCEEDINGS ......................................................1

III.    STATEMENT OF FACTS .....................................................................................2

        A.      CHM's Licensed Patents......................................................................... 2

        B.      CHM and GE/Current Had a Dispute Regarding CHM's Patents That Was
                Resolved in 2019 with a Patent License ................................................. 2

        C.      The Parties 2019 Contractual Dispute Over Royalties ........................... 3

        D.      After Six Years, CHM Sues Current Lighting for Patent Infringement ................ 4

IV.     LEGAL STANDARD ............................................................................................5

V.      ARGUMENT..........................................................................................................6

        A.      The License Agreement Bars Any Patent Infringement Claim .............................. 7

        B.      CHM's Own Pattern of Conduct Confirms It Did Not View ERHM
                Products as Unlicensed or Unauthorized ................................................. 8

VI.     CONCLUSION.......................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................................5

*Cannon v. Delaware*,
    2012 WL 1657127 (D. Del. May 9, 2012)...................................................................................5

*Daoud v. City of Wilmington*,
    894 F. Supp. 2d 544 (D. Del. 2012).............................................................................................5

*E.I. duPont de Nemours and Co., Inc. v. Shell Oil Co.*,
    498 A.2d 1108 (Del. 1985) ..........................................................................................................6

*Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*,
    2016 WL 1019667 (D. Del. Mar. 15, 2016) ................................................................................5

*Friedman v. United States*,
    391 F.3d 1313 (11th Cir. 2004) ...................................................................................................6

*Intel Corp. v. Broadcom Corp.*,
    173 F. Supp. 2d 201 (D. Del. 2001).............................................................................................7

*NW. Nat'l Ins. Co. v. Esmark, Inc.*,
    672 A.2d 41 (Del. 1996) ..............................................................................................................6

*O'Brien v. Progressive N. Ins., Co.*,
    785 A.2d 281 (Del. 2001) .............................................................................................................6

*Phillips Petroleum Co. v. Rexene Corp.*,
    C.A. No. 90-208-LON, 1997 WL 781856 (D. Del. Sept. 4, 1997)..........................................8, 9

*Simpson v. Philip Morris Inc.*,
    No. CV03-4717SVW(CWX), 2003 WL 23341207 (C.D. Cal. Nov. 6, 2003) ...........................6

*Sun Life Assurance Co. Canada v. U.S. Bank Nat'l Ass'n*,
    2019 WL 2052352 (D. Del. May 9, 2019)...................................................................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)......................................................................................................................5

*TransCore, LP v. Elec. Transaction Consultants Corp.*,
    563 F.3d 1271 (Fed. Cir. 2009)..................................................................................................8, 9

ii

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*,
103 F.3d 1571 (Fed. Cir. 1997)..............................................................................................8, 9

*Woodruff v. Hamilton Township Pub. Sch.*,
305 F. App'x 833 (3d Cir. 2008)...............................................................................................5

**Rules and Statutes**

35 U.S.C. § 271.......................................................................................................................1

35 U.S.C. § 271(a) .................................................................................................................7

Fed. R. Civ. P. 12(b)(6)..............................................................................................1, 2, 5, 9

## I.      INTRODUCTION

Defendant Current Lighting Solutions, LLC, formerly GE Lighting Solutions, LLC ("GE/Current"), the commercial and industrial lighting division of General Electric Co., respectfully moves to dismiss Plaintiff CHM Industries, Inc.'s ("CHM") complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

CHM's claim for patent infringement should be dismissed because CHM cannot plausibly plead any ***unauthorized*** use of a patented invention, a requirement to prove patent infringement under 35 U.S.C. § 271.  As detailed herein, CHM's claims for patent infringement are barred by the parties' 2019 License Agreement.  CHM expressly granted ███████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████

CHM now alleges that products "not materially different" to GE/Current's 2017 products infringe the same patents it both licensed and warranted would not impair GE/Current's product sales.  These products, however, are either authorized by the license grant or CHM's warranty – and thus are not unauthorized.  Indeed, CHM's course of conduct over several years confirms that it did not regard GE/Current's ERHM product line as unauthorized, further undermining its present infringement claims.  Accordingly, because the License Agreement precludes CHM's lawsuit, the Complaint should be dismissed in its entirety.

## II.     NATURE AND STAGE OF PROCEEDINGS

On December 19, 2025, Plaintiff CHM filed this lawsuit, alleging infringement by GE/Current of U.S. Patent No. 9,677,754 ("the '754 Patent") (Count 1), U.S. Patent No. 9,903,581 ("the '581 Patent") (Count 2), U.S. Patent No. 10,571,112 ("the '112 Patent") (Count 3), and U.S.

Patent No.11,473,767 ("the '767 Patent") (Count 4).  D.I. 1.  GE/Current now moves to dismiss CHM's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### III.    STATEMENT OF FACTS

This motion assumes the following facts from CHM's Complaint and attachments thereto.

### A.    CHM's Licensed Patents

CHM allegedly owns a family of patents that all originated from the filing of a November 7, 2014 patent application (hereinafter, "CHM Patent Family"). (D.I. 1, ¶¶ 10-11).

The first patent, the '754 Patent, issued on June 13, 2017. *Id.*, ¶ 10.  The next patent, the '581 Patent, a continuation of the '754 Patent, issued on February 27, 2018.  *Id.*, ¶¶ 12-13. Three later patents, all from continuation applications, later issued and include U.S. Patent No. 10,234,128 ("the '128 Patent"), the '112 Patent, and the '767 Patent.  *Id.*, ¶¶ 15-17. GE/Current refers to these four specifically identified patents collectively as the "Asserted Patents." *Id.*, ¶ 18.

### B.    CHM and GE/Current Had a Dispute Regarding CHM's Patents That Was Resolved in 2019 with a Patent License

Since prior to 2017, GE/Current has been selling its Evolve LED Roadway Light High Mast Luminaire ("ERHM") product line.  D.I. 1, ¶ 19.

In 2017, CHM accused the GE/Current "Evolve LED Roadway Light High Mast Luminaire (ERHM)" product line of infringing CHM's '754 Patent – the only issued patent in the CHM Patent Family at the time.  D.I. 1, ¶¶ 24, 38.  On November 1, 2018, CHM and GE/Current resolved their dispute and entered a "Settlement and License Agreement."  *Id.*, ¶ 25; *see also* Ex. A, November 1, 2018 Settlement and License Agreement ("License Agreement").

2

In the License Agreement, ███████████████, ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

CHM also represented and warranted that ████████████████████

████████████████████████████████████████████████████████

████    ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████

Under the License Agreement, if CHM believed GE/Current failed to pay royalties required by the License Agreement, ████████████████████████████████████

██████████████████████████████. *Id.*, § 12.2.

The License Agreement also states that ████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████ *Id.*, § 14.6.

C.    **The Parties 2019 Contractual Dispute Over Royalties**

On August 4, 2019, just nine months after the License Agreement was signed, CHM wrote GE/Current, stating that, although "CHM has received royalty payments from GE for the last three quarters," it had received no royalties "for sales of the GE Evolve High Mast with Type

3

V [symmetrical] optics (optical distribution codes VS, VM, and VW), which are covered by the attached license agreement." Ex. B, August 4, 2019 e-mail from May to Gurin (emphasis added); *see also* D.I. 1, ¶ 26.

GE/Current disagreed that the symmetrical products were covered. D.I. 1, ¶ 27. Although there was a clear contractual dispute in 2019 over the License Agreement, and CHM had notified GE/Current that it was in breach for failure to pay royalties, CHM never terminated the License Agreement, nor sued for breach. *See generally* D.I. 1. Moreover, CHM continued to accept royalties from GE/Current on the asymmetrical products for the next six years and treated the License Agreement as valid and in force. D.I. 1, ¶¶ 25-26.

**D.      After Six Years, CHM Sues Current Lighting for Patent Infringement**

After the 2019 communications between the parties, CHM never raised the issue again – until it filed this suit – six years later. *See* D.I. 1.

In this suit, CHM accuses GE/Current's ERHM products with the "symmetric" Type V optic of infringing four patents in the CHM Patent Family: the '754 and '581 Patents (the two patents that were explicitly licensed in 2018) and two later-issued continuation patents, the '112 and '767 (which were also licensed). D.I. 1, ¶¶ 31, 44, 59 and 75; *see also* D.I. 1-5. CHM asserts that GE/Current's sales of these ERHM products are "unauthorized," i.e., not authorized under the License Agreement. *Id.*, ¶ 28.

Significantly, CHM further asserts that the accused ERHM products are "not materially different" from the ERHM products sold in 2017 that were the subject of the License Agreement. *Id.*, ¶ 29.

CHM's Complaint seeks to enforce its patent rights against the very product line that the parties addressed in the 2018 License Agreement and 2019 communications.

4

## IV.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, "the complaint must do more than allege [Plaintiff]'s entitlement to relief; rather it must 'show' such an entitlement with its facts." *Cannon v. Delaware*, 2012 WL 1657127, at *5 (D. Del. May 9, 2012).  Claims that are "legally insufficient" are also "properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Woodruff v. Hamilton Township Pub. Sch*., 305 F. App'x 833, 837 n.3 (3d Cir. 2008).

When resolving a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), courts "may consider documents that are referenced in the complaint."  *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, 2016 WL 1019667, at *3 n.2 (D. Del. Mar. 15, 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) (relying on letter referenced in complaint as incorporated by reference); *Daoud v. City of Wilmington*, 894 F. Supp. 2d 544, 550 n.6 (D. Del. 2012) (Courts do not "read [a] complaint in a vacuum and may consider the pleadings, the public record, and other documents incorporated by reference in the complaint.").

The License Agreement (Ex. A) and an August 4, 2019 e-mail from CHM's counsel, John May to GE/Current (Ex. B), are before this Court because they are incorporated by reference in the Complaint.  D.I. 1, ¶ 25 ("License Agreement"), ¶ 26 (August 4, 2019 e-mail from May to Gurin).  Where, as here, the "existence and contents" of an underlying agreement are "not under reasonable dispute," the Court may properly take judicial notice of the agreement and consider it in connection with a motion to dismiss. *Sun Life Assurance Co. Canada v. U.S. Bank*

5

*Nat'l Ass'n*, 2019 WL 2052352, at *2 (D. Del. May 9, 2019) ("The Court did not err by taking judicial notice of the [Operating] Agreement because its existence and contents were not subject to reasonable dispute; they could be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") (citations omitted).

Moreover, CHM cannot avoid dismissal simply by omitting a known, claim-defeating license from the pleadings. *See Friedman v. United States,* 391 F.3d 1313, 1315 (11th Cir. 2004) (plaintiff could not use "artful pleading" to pursue a claim that "no longer exists" and was "extinguished" by contract); *Simpson v. Philip Morris Inc.*, No. CV03-4717SVW(CWX), 2003 WL 23341207, at *6 (C.D. Cal. Nov. 6, 2003) (collecting cases holding that a fatal defect "cannot be avoided merely by artful pleading").

Under Delaware law, contract interpretation is a matter of law, decided by the court. *See O'Brien v. Progressive N. Ins., Co.*, 785 A.2d 281, 286 (Del. 2001). Where the contract is unambiguous, the parties' intent is ascertained by giving the language its ordinary and usual meaning. *See E.I. du Pont de Nemours and Co. v. Shell Oil Co.*, 498 A.2d 1108, 1113 (Del. 1985). Extrinsic evidence must not be considered unless the contract is ambiguous. *Id.* A contract is ambiguous only if it is fairly or reasonably susceptible to different interpretations, though a dispute between the parties as to interpretation does not render the contract ambiguous. *See NW. Nat'l Ins. Co. v. Esmark, Inc.*, 672 A.2d 41, 43 (Del. 1996).

## V.    ARGUMENT

A patent infringement claim requires ***unauthorized*** use of a patented invention. 35 U.S.C. § 271(a) ("whoever ***without authority*** makes, uses, offers to sell, or sells any patented invention … infringes the patent.") (emphasis added). CHM's Complaint, together with the

6

License Agreement incorporated by reference, affirmatively defeats any plausible allegation of unauthorized activity.

**A.    The License Agreement Bars Any Patent Infringement Claim**

CHM's claim of patent infringement against GE/Current fails as a matter of law because the License Agreement between the parties forecloses any patent infringement claim. *See Intel Corp. v. Broadcom Corp.*, 173 F. Supp. 2d 201, 228 (D. Del. 2001) ("Patent license agreements allow third party licensees to have … immunity from an infringement suit on the licensed patent.").

CHM's Complaint alleges that GE/Current "produces high mast lighting systems, including the Evolve LED Roadway Light High Mast Luminaire ('ERHM')" and that CHM previously accused GE/Current of infringing an Asserted Patent in 2017. D.I. 1, ¶ 19. CHM additionally concedes that the ERHM products that it now accuses of patent infringement are "not materially different" from the ERHM products sold in 2017 that were the subject of the License Agreement. *Id.*, ¶ 29. As such, CHM's Complaint necessarily concedes that the accused ERHM products existed in a form not materially different from their allegedly infringing form before the November 1, 2018 License Agreement.

In the License Agreement, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A, § 2.0. CHM now asserts that the Accused Products are unauthorized – i.e., not "Licensed Products" under the License Agreement. *See, e.g.*, D.I. 1, ¶¶ 31, 44. However, CHM also warranted ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Because CHM affirmatively pleads that the Accused Products are "not materially different" from the products covered by CHM's warranty, CHM's warranty applies to them. Because CHM has warranted ▮▮▮▮▮▮▮▮▮▮

████████████████████████████████████████████████████████

████████████████████████ *Id.* Indeed, a patent infringement lawsuit—which seeks both treble damages and a permanent injunction—is the ultimate "impairment" of a company's ability to sell a product. Consequently, CHM cannot now sue for infringement on the very products it warranted would not be impaired by its patent portfolio. *See Phillips Petroleum Co. v. Rexene Corp.*, C.A. No. 90-208-LON, 1997 WL 781856, at *9-10 (D. Del. Sept. 4, 1997) ("Rexene warranted in the [settlement agreement] . . . that it did not overpay the royalties due on its pre–1990 [] products. . . . It follows . . . that Rexene is estopped in this litigation from contending that it overpaid the royalties due on its production of [products prior to 1990]."); *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1279 (Fed. Cir. 2009) (patent licensor "legally estopped" from asserting a later patent "in derogation of the authorizations granted" on the expressly licensed patents); *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1581 (Fed. Cir. 1997) (having granted a license for an invention, a patentee "may not 'take back' the rights granted, even through acquisition of a later patent" covering the same invention).

**B.    CHM's Own Pattern of Conduct Confirms It Did Not View ERHM Products as Unlicensed or Unauthorized**

CHM's course of conduct confirms that the License Agreement bars any patent infringement claim against the Accused Products. In 2019, GE/Current told CHM that GE/Current's symmetric ERHM products, which CHM admits are "not materially different" from the currently Accused Products, did not require royalty payments under the License Agreement. D.I. 1, ¶¶ 27, 29. CHM took no action for six years, which aligns with the fact that CHM had warranted that the Accused Products, to the extent unlicensed, are not unauthorized.

CHM agreed in 2018 ████████████████████████████████

████████████████████████ It cannot flip-flop now and accuse those very products of

infringing CHM's patents.  At a minimum, CHM's warranties created an implied license to any additional CHM patent necessary for GE/Current to make its existing products – a license by estoppel that CHM's silence and course of conduct reaffirmed over the next six years.  *See Phillips Petroleum*, 1997 WL 781856, at *9-10; *TransCore,* 563 F.3d at 1279 (patent licensor "legally estopped" from asserting a later patent "in derogation of the authorizations granted" on the expressly licensed patents.); *Wang Labs.,* 103 F.3d at 1581.

## VI.    CONCLUSION

In sum, CHM's claims are foreclosed both by the scope of the license it granted and by the contractual estoppel effect of the promises it made.  The License Agreement is clear and unambiguous on these points, so this dispute can and should be resolved as a matter of law. GE/Current respectfully submits that CHM's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6).  Allowing this lawsuit to proceed would undermine the very License Agreement that CHM and GE entered to settle patent claims – something neither the law nor basic fairness will permit.  CHM negotiated and obtained a royalty in exchange for resolving its claims; it cannot now attempt to pursue additional remedies by suing on patents and products that were expressly settled under the Agreement.  The Court should enforce the Agreement according to its terms and dismiss CHM's infringement claims with prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Frank A. Angileri
Thomas W. Cunningham
John P. Rondini
BROOKS KUSHMAN P.C.
150 W. Second St.
Suite 400N
Royal Oak, MI  48067-3846
(248) 358-4400

February 17, 2026

10

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 17, 2026, upon the following in the manner indicated:

John C. Philips, Jr.                                              *VIA ELECTRONIC MAIL*
David A. Bilson
Megan C. Haney
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington DE, 19806
*Attorneys for Plaintiff*

Paul V. Storm                                                    *VIA ELECTRONIC MAIL*
John J. May
FOLEY & LARDNER LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX  75201-3340
*Attorneys for Plaintiff*


                                        */s/ Rodger D. Smith II*

                                        Rodger D. Smith II (#3778)