**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CHM INDUSTRIES, INC.,

Plaintiff,

v.

CURRENT LIGHTING SOLUTIONS, LLC,

Defendant.

Civil Action No. 25-1545-GBW

## MEMORANDUM ORDER

Pending before the Court is Defendant Current Lighting Solutions, LLC's ("Current" or "Defendant") Motion to Dismiss Plaintiff CHM Industries, Inc.'s ("CHM" or "Plaintiff") Complaint for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) (D.I. 11) ("Defendant's Motion"), which has been fully briefed (D.I. 12; D.I. 21; D.I. 24). For the following reasons, the Court grants Defendant's Motion.

## I. BACKGROUND

The following are factual allegations from Plaintiff's Complaint (D.I. 1) that the Court accepts as true for the purpose of resolving Defendants' Motion to Dismiss.[1]

CHM is a company that "has been providing superior lighting solutions since 1996." D.I. 1 ¶ 7. CHM obtained patents for innovations related to its high mast luminaires. *Id.* ¶ 9. These patents include U.S. Patent Nos. 9,677,754 (the "'754 Patent"), 9,903,581 (the "'581 Patent"),

[1] Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in Plaintiff's Complaint and view those facts in the light most favorable to Plaintiff. *See Fed. Trade Comm'n v. AbbVie Inc.*, 976 F.3d 327, 351 (3d Cir. 2020).

10,571,112 (the "'112 Patent"), and 11,473,767 (the "'767 Patent") (together, the "Asserted Patents"). Current "is a direct competitor of CHM who also produces high mast lighting systems for use in lighting roadways, parking lots, prisons, and the like." *Id.* ¶ 19. One of Current's products is its "Evolve LED Roadway Light High Mast Luminaire (ERHM) and subsequent generations of this product," which Current has been offering for sale since at least July 2017. *Id.*

In developing its ERHM product, Current "misappropriated the technology embodied in [CHM's] sample Condor CLED product and used [CHM's] technology." *Id.* ¶ 23. "On or about July 21, 2017, CHM informed Current/GE of the '754 Patent and advised that Current/GE's Evolve LED Roadway Light High Mast Luminaire (ERHM) product infringed the '754 Patent." *Id.* ¶ 24. On November 1, 2018, CHM and Current entered into a Settlement and License Agreement ("License Agreement") that "obligated Current/GE to pay royalties to CHM for each sale of a Licensed Product." *Id.* ¶ 25. On or about August 4, 2019, CHM informed Current that CHM "had not received any royalty payments for sales of the Current/GE Evolve High Mast with Type V optics (optical distribution codes VS, VM, and VW)." *Id.* ¶ 26. On or about September 19, 2019, Current advised CHM that Current "had not and, in the future would not, pay royalites on Evolve Roadway Lighting High Mast Luminaire (ERHM) with certain optical distributions that it alleges are not covered" by the License Agreement. *Id.* ¶ 27.

On December 19, 2025, CHM filed the Complaint in this action, alleging infringement of the Asserted Patents. *See generally* D.I. 1.

## II. LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

In evaluating a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Static Media*, Civ. No. 23-1078-GBW, 2024 WL 4103719, at *2 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 23-239 (KAJ), 2024 WL 2804703, at *1 (D. Del. May 31, 2024).

## III. DISCUSSION

The allegations in Plaintiff's Complaint and Plaintiff's briefing for this motion indicate that Plaintiff believes that ERHM was a "Licensed Product" for purposes of the License Agreement. D.I. 1 ¶¶ 25, 28; *see* D.I. 21 at 3-4. Accordingly, Plaintiff's position is that Defendant was required to pay royalties for its ERHM sales, and that Defendant's failure to do so "constituted unauthorized

sale[s]." *Id.*; D.I. 21 at 5 (explaining that Defendant's sales of ERHM "were unauthorized and infringed CHM's patents" because Defendant "refused to pay royalties for such sales"). Defendant responds that a refusal to pay royalties is not an act of patent infringement. D.I. 24 at 2. Rather, Defendant claims that Plaintiff's cause of action is "designed to avoid the statute of limitations that would bar any breach-of-contract claim arising from the same alleged non-payment of royalties." D.I. 24 at 1.

The Court agrees with Defendant. An action for patent infringement only arises where the use of the patents is unauthorized. 35 U.S.C. § 271(a) ("[W]hoever *without authority* makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." (emphasis added)). When a product is covered by a license to the patent, that use is unequivocally an authorized one. *See Intel Corp. v. Broadcom Corp.*, 173 F. Supp. 2d 201, 228 (D. Del. 2001) ("Patent license agreements allow third party licensees to have partial or complete access to the patented invention by providing immunity from an infringement suit on the licensed patent."). However, if the license to the patent has been terminated, subsequent use of that patent would be unauthorized and Plaintiff would have an actionable claim for patent infringement. *See, e.g.*, *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014) (discussing a licensor's right to bring an ordinary patent infringement contract if the licensee stopped paying royalties *and* the licensor terminated the contract).

Importantly, Plaintiff does not assert that Defendant's ERHM products are not covered by the License Agreement. *See generally* D.I. 1 (not asserting except to the extent that Plaintiff has alleged that the failure to pay royalties constitutes unauthorized sales). Per the parties' License Agreement in the instant action, Plaintiff "***shall have the right*** to terminate this Agreement

immediately by giving written notice to [Defendant]" if Defendant "fails to pay any amount due under this Agreement" or "breaches this Agreement." D.I. 12-1, Ex. A § 12.2. Plaintiff has pled that it provided notice to Defendant that Plaintiff was owed royalties for the ERHM products with Type V optics at issue in this case. *See* D.I. 1 ¶¶ 38-39; *see also* D.I. 12-2, Ex. B. However, termination of the License Agreement for cause is not automatic—the contract makes clear that Plaintiff merely has the *right* to terminate by providing written notice to Defendant. If Plaintiff plausibly alleged that it provided written notice to Defendant that Plaintiff was *terminating* the License Agreement upon Defendant's failure to pay royalties, then Plaintiff would have a claim for patent infringement. But Plaintiff has not alleged as much—Plaintiff's notice only informed Defendant that Defendant was infringing the '754 Patent. *See* D.I. 1 ¶ 38. Thus, viewing the facts in the light most favorable to Plaintiff as Plaintiff pled them, the Court concludes that Defendant's ERHM products were Licensed Products as defined in the parties' License Agreement. In light of this conclusion, Defendants' sales of ERHM products do not qualify as an unauthorized use of Plaintiff's patents and, thus, this action does not meet the requirements for a patent infringement action under 35 U.S.C. § 271.

The real crux of the dispute in this case is actually whether Defendant's ERHM products qualify as Licensed Products per the License Agreement. Plaintiff claims that they do qualify as Licensed Products, while Defendant contends that they do not. *See* D.I. 21 at 4 (explaining Plaintiff's position that Defendant's failure to pay royalties constituted infringement); *id.* at 3 (explaining that Defendant "did not consider Symmetric ERHM products with Type V symmetric optics within the scope of Licensed Products"). As Defendant correctly identifies, that issue is one of contract interpretation, not patent infringement. Thus, the correct recourse for Plaintiff to

recover its unpaid royalties would be to bring a breach of contract claim against Defendant for failure to pay royalties.[2]

## IV. CONCLUSION

For all the reasons set forth above, the Court GRANTS Defendant's Motion and dismisses Plaintiff's Complaint without prejudice.[3]

* * *

**WHEREFORE**, this 27th day of October 2026, **IT IS HEREBY ORDERED** that Defendant Current Lighting Solutions, LLC's ("Current" or "Defendant") Motion to Dismiss Plaintiff CHM Industries, Inc.'s ("CHM" or "Plaintiff") Complaint for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) (D.I. 11) is **GRANTED** without prejudice.

Plaintiff is granted leave to file an amended complaint to address the deficiencies identified above within fourteen (14) days of the date of this Order.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

2 Since Plaintiff has not brought a claim for breach of contract in its Complaint, or briefed that issue, the Court will not opine on Defendant's argument that a breach of contract claim would be barred by the statute of limitations. *See* D.I. 24 at 4.

3 The Court will dismiss the Complaint without prejudice because the Court cannot conclude that amendment would be futile at this time.